Michael Kind, Esq.

Nevada Bar No.: 13903

**KIND LAW**

8860 South Maryland Parkway, Suite 106

Las Vegas, Nevada 89123

(702) 337-2322

(702) 329-5881 (fax)

mk@kindlaw.com

George Haines Esq.

Nevada Bar No. 9411

Gerardo Avalos Esq.

Nevada Bar No. 15171

**FREEDOM LAW FIRM**

8985 S. Eastern Ave., Suite 350

Las Vegas, Nevada 89123

(702) 880-5554

(702) 385-5518 (fax)

Ghaines@freedomlegalteam.com

*Counsel for Plaintiff Jelmer Hoekstra*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jelmer Hoekstra,<br><br>                    Plaintiff,<br>  v.<br><br>Credit One Bank, N. A.; Capital One Services, LLC; and American Express National Bank,<br><br>                    Defendants. | Case No.:<br><br>**Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Jelmer Hoekstra ("Plaintiff"), by counsel, brings this action to challenge the actions of Credit One Bank, N. A. ("Credit One"); Capital One Services, LLC ("Capital One"); and American Express National Bank ("AMEX") (jointly as "Defendants"), with regard to Defendants' continually checking Plaintiff's credit report without a permissible purpose.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to comply with the FCRA, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. Credit One, Capital One, and AMEX are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

**GENERAL ALLEGATIONS**

**Re: Bankruptcy Case No. 18-16157**

16. On or about Oct 13, 2018, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

17. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

18. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

19. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

20. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

21. The accounts named herein (as applicable) were discharged through the bankruptcy on Sep 28, 2020.

///

**Defendants obtained Plaintiff's consumer report**

**without a permissible purpose**

22. The following are allegations that Plaintiff is currently aware of. It is expected that Plaintiff's allegations will be bolstered and enhanced after discovery.

23. Credit One inquired about Plaintiff's consumer information on or around the following dates: Nov 20, 2020; Feb 11, 2021; Mar 17, 2021; and Apr 15, 2021.

24. Capital One inquired about Plaintiff's consumer information on or around the following dates: Oct 24, 2020; Nov 6, 2020; Nov 12, 2020; Nov 19, 2020; Nov 28, 2020; Dec 5, 2020; Dec 11, 2020; Dec 15, 2020; Dec 22, 2020; and Apr 15, 2021.

25. AMEX inquired about Plaintiff's consumer information on or around Apr 19, 2021.

26. Plaintiff never gave Defendants approval to pull Plaintiff's credit reports.

27. All of Plaintiff's accounts with Defendants' companies were discharged on Sep 28, 2020 through Plaintiff's bankruptcy.

28. Currently, Plaintiff does not have an open Credit One, Capital One, or AMEX account.

29. At all times when Defendants pulled Plaintiff's credit report, Plaintiff did not have an open Credit One, Capital One, or AMEX account.

30. Upon information and belief, all of Defendants' actions mentioned herein were willful considering each Defendant had knowledge of Plaintiff's bankruptcy.

31. According to § 1681b(f)(1), a person is prohibited from obtaining a consumer report unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

32. Upon information and belief, Defendants did not obtain Plaintiff's consumer report for any of the permissible purposes described in § 1681b(a).

33. Accordingly, Defendants violated § 1681b(f)(1).

COMPLAINT                                          - 5 -

**Plaintiff's damages**

34. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

37. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

38. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

39. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

**Jury Demand**

40. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 20, 2021.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines .
George Haines, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Jelmer Hoekstra*

COMPLAINT